IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10441
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNIE DOBBINS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 4:96-CR-153-2-A
_____

December 4, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Annie Dobbins pleaded guilty to maintaining a place for the purpose of distributing a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. Dobbins appeals her sentence arguing that the district court erred in enhancing her base offense level two levels for possession of a firearm during a drug offense pursuant to U.S.S.G. § 2D1.1(b).

We have reviewed the record and the briefs of the parties and find that the district court did not clearly err in imposing the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement.  See United States v. Flucas, 99 F.3d 177, 178 (5th Cir. 1996); United States v. Rodriquez, 62 F.3d 723, 724-25 (5th Cir. 1995).

Dobbins also argues that the district court erred by failing to reduce her base offense level by two levels for acceptance of responsibility pursuant to § 3E1.1.  The defendant must prove that she "clearly demonstrate[d] acceptance of responsibility for her offense." § 3E1.1.  This court reviews the sentencing court's determination of acceptance of responsibility with greater deference than under the clearly erroneous standard. § 3E1.1; Flucas, 99 F.3d at 180.  Acceptance of responsibility may be established if the defendant (1) enters a plea of guilty prior to the commencement of trial, (2) truthfully admits the conduct comprising the offense of conviction, and (3) truthfully admits, or does not falsely deny relevant conduct for which she is accountable. § 3E1.1, comment. (n.3).  Conduct evidencing acceptance of responsibility may be outweighed, however, by conduct that is inconsistent with such an acceptance. § 3E1.1, comment. (nn.1(a) & 3).  The district court did not clearly err in denying Dobbins a reduction for acceptance of responsibility.  Dobbins's conduct was inconsistent with an acceptance of responsibility because she showed no remorse or contrition, she refused to discuss the facts of her offense with the officer who prepared the PSR and

she falsely denied relevant conduct by arguing that no connection existed between the revolver that was seized from her residence and her drug activity.  See United States v. Vital, 68 F.3d 114, 121 (5th Cir. 1995); United States v. Chapa-Garza, 62 F.3d 118, 123 (5th Cir. 1995); United States v. Helmstetter, 56 F.3d 21, 23 (5th Cir. 1995).

A F F I R M E D.